O'NEILL v. BENNETT.

A mortgage given to secure a bond, shown by parol to cover a contract for advances to be made during that same year, cannot be shown, in an action of foreclosure, to have been subsequently extended by parol to cover further advances during the next succeeding year. *Lindsay* v. *Garvin*, 31 S. C., 259, approved, and distinguished from *Walker* v. *Walker*, 17 S. C., 337.

Before NORTON, J., Colleton, October, 1888.

This was an action of foreclosure by B. O'Neill & Sons against E. D. Bennett, commenced in March, 1888. The plaintiffs introduced in evidence the original bond and mortgage securing the same by Bennett to O'Neill & Sons. The bond is dated in June, 1886, in the penal sum of $1,010, and was conditioned for the

payment of $505, with interest at 10 per cent. per annum, payable on 1st January, 1887. There was no recital or other statement in either bond or mortgage, or other evidence in writing, to show that they were intended to secure advances. There was no endorsement of any payments on either bond or mortgage. Parol testimony was first introduced by the plaintiffs, to show that the bond and mortgage, absolute upon their face, were intended to secure advances to be made during the year 1886, and plaintiffs were proceeding to show by parol that a subsequent parol agreement had been entered into between plaintiffs and the defendant, that said bond and mortgage should be held by O'Neill & Sons to secure such further advances as might be made during the year 1887 to Bennett by them. This latter testimony was, on objection of defendant's attorneys, excluded by the master. The defendant, Bennett, when on the witness stand, testified that the bond and mortgage were given to secure advances for 1886. On 1st January, 1887, there was due by defendant to plaintiffs, for advances made during 1886, $37.29.

*Mr. C. A. McHugh,* for appellants, cited *Walker v. Walker,* 17 S. C., 337, calling particular attention to the following extract from that case : "It is very distinctly laid down, that while, as to third parties, a mortgage cannot be extended to cover new debts, yet this may be done by parol amongst the parties themselves, even when the mortgage is created in the usual way by deed."

*Messrs. Howell, Murphy & Farrow,* contra.

July 2, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiffs, appellants, agreed to make advances to the defendant, respondent, for the year 1886, and to secure the same the defendant executed a bond to plaintiff for $505, payable on or before the 1st of January, 1887, then next ensuing, with interest at the rate of ten per cent., payable annually, giving also a mortgage of certain real estate. The supplies for the year 1886 seem to have been paid, except a small balance of $37.29. The plaintiff made advances for the year 1887 to a considerable sum, for which an agricultural lien had

been executed by the defendant, which not being paid, the action below was instituted to foreclose the mortgage referred to, the plaintiff claiming that the sum of $610.33 remained due and unpaid on the bond, for which he demanded a foreclosure of said mortgage. On the trial, it was developed, as we have said above, that the advances for the year 1886 had been paid, except the small balance mentioned, but the plaintiff attempted to extend the mortgage as security for the advances of 1887, by oral testimony of an agreement to that end, alleged to have been made subsequently to its execution. This testimony was ruled incompetent by his honor, Judge Norton, before whom the case was tried, and there being nothing else in the case sustaining the plaintiff's claim, a foreclosure was allowed and decreed only for the sum of $37.29, the balance due on the advances for 1886. .

Now, the main and, in fact, the only question contested in the appeal is, whether his honor erred in ruling out the proposed testimony, and in holding that the mortgage could not be extended to cover the advances of 1887 by oral testimony. We think the case of *Lindsay* v. *Garvin* (31 S. C., 259) is directly in point on this question, sustaining fully the ruling of his honor below. Such being the fact, we deem it wholly unnecessary to elaborate the principles upon which that case was based. This was a decision from our own court, and is binding upon us, and we cannot disregard it, and until overruled must be regarded as having settled the law in such cases.

It is said, however, that the case of *Walker* v. *Walker* (17 S. C., 337) is in conflict with *Lindsay* v. *Garvin, supra*. This is a mistake. There is no conflict. In Walker v. Walker, the defendant had executed a deed absolute on its face, conveying a certain tract of land to the plaintiff. Upon suit brought to recover the possession of this land by the plaintiff, the defendant was allowed to show by parol testimony that the deed, though absolute on its face, yet was intended as a mortgage to secure certain advances made by the plaintiff to the defendant, and the defendant having tendered the amount of the advances, which she claimed was intended to be secured thereby, resisted the right of the plaintiff to recover. Thus, the case was, in substance, or in the nature of, an action on the part of the mortgagor to redeem

the land on payment of the alleged mortgage debt.  Now, it is hardly necessary to cite authority for the position, that the defendant had the right to resort to parol testimony to show that the deed was intended as a mortgage.  Nor is it necessary to refer to authority to show, in an action to redeem by a mortgagor, that the mortgagee can prove by parol other indebtedness besides the mortgage debt, which the mortgagor will be required to pay before he can redeem.  This was what was done in Walker *v.* Walker. And, besides this, that case was referred to the master or referee, who found that it was understood between the parties from the beginning, as we understand the finding, that the deed was to stand security for such future advances as might be made.  So that it was not a case of subsequent agreement to extend the mortgage to a subsequent debt.

In the case at bar, however, the effort is to extend the mortgage to a subsequent debt, which, it is admitted, was not in contemplation at the execution of the mortgage, and this effort is made by offering parol testimony ; a clear case, as it seems to us, of an attempt to add to a written instrument by parol terms which do not appear therein.  The action below had no features of an action to redeem whatever.  It was nothing more than an action for foreclosure pure and simple; not the foreclosure of a mortgage for the debt secured by it, but the interjection of another debt not secured thereby, and that, too, after the mortgage, in so far as the debt secured is involved, has been substantially paid off. There is a remark in the opinion of Walker *v.* Walker, which does seem to be in conflict with Lindsay *v.* Garvin, but the case did not turn on the position indicated by said remark, and it cannot be regarded as a principle decided in that case.

It is conceded that there was a mistake in the decree below as to the time when the small balance of $37.29, admitted to be due under the mortgage, should bear interest.  His honor decreed interest thereon at the rate of ten per cent. from the date of the master's report.  It should have been from January 1, 1887, as reported by the master.

It is the judgment of this court, that the judgment of the Circuit Court be modified, so as to allow interest at the rate of 10 per cent. upon $37.29 from the 1st of January, 1887, instead of

from the date of the master's report, as decreed below, and in all other respects that the said judgment be affirmed.